UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV1599 SNLJ |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). After reviewing the amended complaint, the Court finds that this action must be dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against the State of Missouri, the Missouri Department of Corrections (the "Department"), Corizon, Inc., Thomas Preston (state parole officer), Edward Bilinski (same), John Napier (nurse), and Unknown Medical Director. At all times relevant to the complaint, plaintiff was incarcerated at the Algoa Correctional Center ("ACC").

Plaintiff suffers from bi-polar disorder, personality disorder, anxiety, depression, and obsessive compulsive disorder. For these ailments, plaintiff takes lithium, trazadone, and Celexa. His doctors have told him never to stop taking these medicines.

On October 28, 2014, plaintiff was released from ACC into the community. He claims that Corizon and the Department violated his constitutional rights because he was not provided with a thirty-day supply of his medications upon release. He says that it is the State's policy to give released prisoners a supply of their medications on release. Plaintiff claims that John Napier and the Unknown Medical Director were directly responsible for giving him the supply of his medicines.

On that same day, plaintiff met with Craig Hill, the supervising probation officer, and Thomas Preston, the unit supervisor. As part of the conditions of his probation, plaintiff was required to take his psychotropic medications. Plaintiff says he was also supposed to be placed in the Department's MH3 Program, which is a community mental health program. Defendants Hill and Preston, however, did not refer him to the MH3 Program until May 2015. Plaintiff claims that he was not able to get his medications before enrollment in the MH3 Program because he could not afford to pay for them. Plaintiff argues that Hill and Preston were deliberately indifferent to his serious medical needs because of their failure to immediately enroll him in the MH3 Program.

Plaintiff alleges that, as a result of not having his medications, he suffered blackouts, tremors, diarrhea, blurred vision, urinary difficulty, headaches, mental health problems, hallucinations, and thoughts of suicide. He says he was hospitalized twice for these symptoms.

**Discussion**

The complaint is frivolous as to the State of Missouri and the Department of Corrections because these entities are entitled to Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). Plaintiff has not alleged that an official policy or custom of Corizon injured him. As a result, the complaint fails to state a claim against Corizon.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676. After plaintiff was released from ACC, defendants John Napier and Unknown Medical Director were no longer in control of plaintiff's medical care. As a result, the Court finds that they were not directly involved in any denial of his medical care after his release.

Moreover, "[q]ualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Plaintiff has not shown that either prison officials or probation officers have a clearly established duty to provide released prisoners with medical care. And the Court's research has not yielded any cases showing that a released prisoner has a clearly established right to receive medical care from

prison officials or probation officers. Therefore, the Court finds that defendants Thomas Preston, Edward Bilinski, John Napier, and Unknown Medical Director are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to update the docket sheet to reflect that Uknown Nurse is John Napier.

An Order of Dismissal will be filed separately.

Dated this 27th day of January, 2016.

                                          STEPHEN N. LIMBAUGH, JR.
                                          UNITED STATES DISTRICT JUDGE